JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 8:24-cv-00861-DOC-PD            Date: May 13, 2024

Title: ALBERT YUM V. EXPERIAN INFORMATION SOLUTIONS, INC.

---

PRESENT:      THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):**     **ORDER SUA SPONTE REMANDING CASE TO STATE COURT**

On the Court's own motion, the Court hereby REMANDS this case to the Superior Court of California, County of Orange.

Plaintiff originally filed suit in the Superior Court of California, County of Orange, on March 21, 2024. Dkt. 1 at 2. On April 19, 2024, Defendant removed the action to this Court. *See generally* Dkt. 1. Defendant asserted that the federal claims for relief against Experian in the state court action arose under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. and that the Court therefore has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Dkt. 1 at 3.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-00861-DOC-PD                                                                              Date: May 13, 2024
                                                                                                                              Page 2

jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c). A court may raise the question of subject matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

On May 13, 2024, Plaintiff informed the Court that he had filed an amended complaint in Orange County Superior Court that did not include any federal law claims. See Dkt. 11. As only state law claims remain and no party asserts diversity jurisdiction, the Court now lacks subject matter jurisdiction over this case.

For the reasons set forth above, the Court hereby **REMANDS** this case to the Superior Court of Orange, California.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                                                       Initials of Deputy Clerk: kdu
CIVIL-GEN